**Joel MORALES–CAMPOS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73919.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.\*

Decided March 24, 2004.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Lagu-

---

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Francesco Isgro, Attorney, David M. McConnell, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Joel Morales–Campos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's order denying his motion to terminate removal proceedings and for relief under the Nicaraguan and Central American Relief Act of 1997 ("NACARA"). We have jurisdiction to review Morales–Campos's contention that NACARA section 202(b) violates equal protection, and we review this constitutional claim de novo. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir.2002). We deny the petition.

" 'Line drawing' decisions made by Congress ... in the context of immigration and naturalization must be upheld if they

are rationally related to a legitimate government purpose," *Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001), and "[c]hallengers have the burden to negate 'every conceivable basis which might support [a legislative classification] ... whether or not the basis has a foundation in the record.' " *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1164 (9th Cir.2002) (quoting *Heller v. Doe,* 509 U.S. 312, 320–21, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)). Morales–Campos has not met this burden, because a rational basis exists for distinguishing groups of aliens from Mexico from those from Nicaragua or Cuba based on conditions in their home countries. *See Jimenez–Angeles,* 291 F.3d at 597. Moreover, we have specifically held that NACARA section 203 does not violate equal protection. *See Ram,* 243 F.3d at 517 (Congress's decision to favor aliens from specific war-torn countries "stems from a rational diplomatic decision to encourage such aliens to remain in the United States.").

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft,* No. 03–70477 and further order of this Court.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.